IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　**Civil Action No. 2:17CR14-08**
　　　　　　　　　　　　　　　　　　　　　　　　**(Judge Bailey)**

**CARLA JONES,**

    **Defendant.**

## REPORT & RECOMMENDATION/OPINION RECOMMENDING THAT DEFENDANT'S MOTION TO DISMISS BE DENIED

### I.　　Introduction

On September 6, 2017, Defendant was indicted on four counts of a nineteen count indictment, specifically charging Defendant Carla Jones with one count of Conspiracy to Possess Stolen Firearms, one count of Possession of Stolen Firearm - Aiding and Abetting, and two counts of Unlawful Possession of Firearm, in violation of Title 18, United States Code, Sections 2, 371, 922(g)(3), 922(j) and 924(a)(2). Thereafter, Defendant was arraigned and released on certain conditions. On January 21, 2018, Defendant filed the pending "Combined Motion and Memorandum of Law to Dismiss Count Sixteen." (ECF No. 274). The United States of America filed its response on January 22, 2018. (ECF No. 277). The undersigned held a hearing on the matter on January 26, 2018. (ECF No. 290).

### II.　　Defendant's Motion to Dismiss

In the pending motion to dismiss, Defendant seeks dismissal of Count Sixteen of the indictment, Unlawful Possession of Firearm, arguing that "neither allegedly being a

prohibited person nor possessing non-stolen firearms", as alleged in Count Sixteen, ties Defendant to the conspiracy alleged in Count One of the indictment. (ECF No. 274 at 2). Several defendants in this case were accused of stealing over 100 guns from a hunting cabin. Id. at 1. Defendant asserts that because the guns identified in Count Sixteen were not stolen, Count Sixteen "is inappropriate at best and should be dismissed as irrelevant." ECF No 274 at 2. In short, Defendant argues that the firearms in Count Sixteen is not a part of the conspiracy, as they were not of the same transaction as the guns stolen from the hunting cabin and therefore have nothing to do with this indictment and as a result, Count Sixteen should be dismissed.

### III.     The United States' Response

In its response, the United States objected to Defendant's motion, asserting that Defendant failed to state any legal basis to dismiss Count Sixteen. (ECF No. 277 at 1). The United States argues that Rule 8 of the Federal Rules of Criminal Procedure permits joining offenses "of the same or similar character" in the same indictment. Id. The United States asserts that because the offense charged against Defendant in Count Sixteen (drug user in possession of non-stolen guns) and Count Nine (drug user in possession of the stolen guns identified in count one), occurred during the same time period—at Defendant's house— both fall under the same statute, and because the United States obtained evidence of Defendant's drug use including Defendant's confession of using methamphetamine and marijuana, all of her alleged offenses are included in a single indictment and consequently Count Sixteen should not be dismissed. Id. at 2, 3.

## IV.   Discussion

Rule 8(a) of the Federal Rules of Criminal Procedure permits the joinder of offenses in an indictment.  Specifically, the Rule provides that "[t]he indictment may charge a defendant in separate counts with 2 or more offenses if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8.

Here, Defendant argues dismissal of Count Sixteen is appropriate because the guns identified in Count Sixteen are not tied to the conspiracy to possess the stolen firearms as charged in Count One of the Indictment.  The undersigned however, disagrees. The fact that the guns identified in Count Sixteen are not tied to the stolen guns identified in Count One is irrelevant.  The threshold question before the undersigned is whether the offenses charged in the indictment are "of the same or similar character."  The undersigned finds that they are.  Defendant is charged with two counts of Unlawful Possession of Firearms (Count Nine and Count Sixteen).  Both counts allege Defendant is an unlawful user of and addicted to methamphetamine and marijuana, a Schedule I and Schedule II controlled substance.  Count Nine alleges Defendant possessed stolen firearms while Count Sixteen alleges Defendant possessed firearms that were not stolen.  Both alleged offenses are in violation of Title 18, United States Code, Sections 922(g)(3) and 924(a).  The undersigned finds both alleged offenses are similar in character and permitted to be joined in the same indictment pursuant to Rule 8 of the Federal Rules of Criminal Procedure.

## V. Recommendation

For the foregoing reasons, the undersigned recommends "Defendants' Combined Motion and Memorandum of Law to Dismiss Count Sixteen" (ECF No. 274), be **DENIED**.

Any party within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Joh Preston Bailey, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. §636(b)(1). United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to forward a copy of the this Report and Recommendation to counsel of record.

Respectfully submitted this 12th day of February 2018.

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE